Wyly, J.
The plaintiff, the administrator of the succession of Warren M. Benton, enjoins the defendant, the tax collector of Carroll parish, from selling the lands described in the petition for the taxes, penalties, and costs for the year 1871. The court perpetuated the injunction, and the defendant appeals.
Two grounds are urged in this court in support of the injunction:
First — The plea of payment.
Second — The property has been returned to the State on the delinquent list of 1871, and the tax collector has no right to sell forfeited lands.
The first point is a question of fact not established by the evidence. It is true a receipt given by the former tax collector shows a settlement of these taxes by a draft drawn by the deceased on John Chaffe, Bro. *339 & Son. But proof was admitted, without objection, showing that the understanding of the parties was that the draft should not operate as a receipt for the taxes unless it should be honored by the drawees, and it was not so honored.
The position that the land has been forfeited to the State puts the plaintiff out of court, because, as was said in the case of Morrison v. Larkin, tax collector, 26 An., when the plaintiff repudiates his own title and sets up that of the State he shows no cause to complain, and if the tax collector has no authority, as he alleges, to sell forfeited lands, there will be no divestiture of title and no injury can result, at least to plaintiff.
But in the case referred to, after a thorough examination of the question, this court held that the tax collector charged with the duty of collecting all the taxes, the delinquent list included, has authority to sell forfeited lands, reserving to the former owner the right of redemption, stated in section 6 of the act 47 of the acts of 1873/ provided the amount bid shall exceed the total amount of taxes, penalties and costs due to the State. The plaintiff, however, cites the case of Hall v. Hall, 23 An. 135, to show that after lands have been forfeited to the State, the tax collector ceases to have authority in relation thereto. That case arose prior to the passage of the act No. 42 of the acts of 1871, conferring authority, as indicated in the title, upon tax collectors to collect back taxes, and authorizing the delinquent lists to be put in their hands for the purpose. The decision cited has no bearing on the statutes under consideration, because they were enacted subsequent to the controversy in that. case.
Our conclusion is the injunction must be dissolved without damages. See Morrison v. Larkin, tax collector, 26 An.
It is therefore ordered that the judgment herein be annulled, and it is decreed that the injunction be dissolved and plaintiff pay costs of both courts.